UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GLUE WILKINS,                                :
                                             :
        Plaintiff                            :
                                             :
    v.                                       :    CIVIL NO. 4:CV-06-14
                                             :
THE HONORABLE JOSEPH H.                      :
KLEINFELTER,                                 :
                                             :    (Judge McClure)
        Defendant                            :

## MEMORANDUM AND ORDER

January 26, 2006

**Background**

Glue Wilkins ("Plaintiff"), an inmate presently confined at the State Correctional Institution, Somerset, Pennsylvania (SCI-Somerset), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. His complaint is accompanied by an in forma pauperis application. For the reasons set forth below, Wilkins' action will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. § 1915.

Named as sole Defendant is Judge Joseph H. Kleinfelter of the Dauphin County, Pennsylvania Court of Common Pleas. Plaintiff identifies the Defendant

as being the Judge who presided over his criminal trial. His complaint alleges that after reading a medical report Judge Kleinfelter made a pre-trial determination "that the MEDICAL REPORT did not support the criminal charges of ATTEMPTED HOMICIDE." Record document no. 1, ¶ 1. Plaintiff alleges that in light of that determination, Judge Kleinfelter acted improperly by subsequently allowing the trial to proceed.

Wilkins next contends that the Defendant erred by not declaring a mistrial when the Commonwealth's chief witness testified that the aforementioned medical report was false. His third claim is that the Defendant failed to conduct a hearing on his ability to pay fines and costs. In conclusion, Plaintiff alleges that Judge Kleinfelter's actions violated his due process rights and caused his ongoing incarceration. As relief, Wilkins seeks undisclosed declaratory relief, punitive and compensatory damages. He also asks for injunctive relief, specifically, that the Defendant "facilitate a 'LEGAL APPEAL To include, but not limited to an evidentiary hearing on the MEDICAL REPORT and recuesing [sic] the defendant from ALL matters." Id. at ¶ V(1).

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in

2

federal court and wish to proceed in forma pauperis. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed in forma pauperis may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[1] In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when

---

[1] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

an indigent litigant's complaint is appropriate for summary dismissal.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release.  Preiser v. Rodriguez, 411 U.S. 475 (1975).  The Plaintiff's present allegations are unquestionably attacking the legality of his Dauphin County criminal conviction.  Pursuant to the Supreme Court's holding in Preiser, Wilkins may not employ § 1983 to challenge the legality of his Pennsylvania state criminal conviction.

The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sounded in habeas corpus.  See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985).  In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action.  Id. at 646.  Under the standards announced in Georgevich and Edwards, Wilkins' requests for injunctive and declaratory relief are not properly raised in a civil rights complaint.

With respect to Plaintiff's request for compensatory and punitive damages,

in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.  Thus, Wilkins' request for compensatory damages is premature under Heck because he cannot maintain a cause of action for monetary damages until his underlying state criminal conviction is rendered invalid.  If Plaintiff is able to successfully challenge his Dauphin County conviction, under Heck, he could then reassert his claim for damages in a properly filed civil rights complaint.

     Finally, it is well settled that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties.  Stump v. Sparkman, 435 U.S. 349, 359 (1978); Oatess v. Sobolevitch, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may dismiss an allegation against a judge based on an exercise of judicial power). The doctrine of judicial immunity bars suit against a judicial officer based on rulings made during the course of civil and criminal proceedings.  See Figueroa v. Blackburn, 208 F.3d 435, 440-41 (3d Cir.

2000).  Since the claims against Judge Kleinfelter are based on actions taken by the Defendant during the exercise of his official judicial duties which were well within his jurisdiction, he is entitled to absolute immunity from monetary damages.

Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous.  <u>Wilson</u>, 878 F.2d at 774.  Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

2. The Clerk of Court is directed to close the case.[2]

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

        s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

---

[2] The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee.  Until the filing fee is paid in full, the Administrative Order previously issued in this case is binding on the Warden of SCI-Somerset, as well as the superintendent of any correctional facility to which Plaintiff is transferred.